East'n. District.
*March* 1825.

DUTILLET
*vs.*
DUTILLET'S
SYNDICS.

---

### BRADFORD'S CURATOR vs. BEAUCHAMP.

APPEAL from the court of the third district.

MARTIN, J. delivered the opinion of the court. The petitioner states that his intestate died, leaving several children, who declined accepting or renouncing his succession; that his intestate, at his death, was entitled to the estate of H. Bradford, a son of his, who had died in his life time, without issue or mother, but the intestate being much indebted neglected to demand his son's estate, least it should be absorbed by his own creditors, that the defendant, H. Bradford's widow, has taken possession of her late husband's estate and refuses to deliver it to the plaintiff.

She pleaded to the jurisdiction of the court, alleging the matter was exclusively cognizable in the court of probates; denied that the petition shews any right of action in the plaintiff;

A curator may demand the succession of his intestate's son.

The validity of a will, which has not been presented to the judge of probates, will not be enquired into, in the district court.

Till such a will has been so presented, it cannot authorise prescription.

East'n District,
March 1825.

BRADFORD'S
CURATOR
vs.
BEAUCHAMP.

pleaded the general issue, and prescription, and that her husband made a will. She had a verdict and judgment, and he appealed.

The verdict appears to have been obtained on the ground that she legally acquired the property claimed under the will of her late husband. This will was produced and the reading of it objected to. We think it was erroneously admitted, because it does not appear that the execution of it was ordered in the court of probates; till then it cannot have any effect. *Civ. Code*, 242, *art.* 153.

The defendant's counsel has insisted we ought to affirm the judgment of the district court, because,

1. The plaintiff cannot demand the succession of his intestate's son.

2. The testament of the late husband and the defendant is valid.

3. The son has a good title by prescription.

I. A succession consists in the rights of the deceased. Now, on the death of H. Bradford without issue, his estate *vested* in his only ascendant, the intestate. The right was vested by law and required only to be exercised by the apprehension or possession of the property of the estate; it required no formal acceptance, and

if a formal acceptance was needed, the right to
accept would pass to the heir or representative, and the succession has been accepted by
the present suit.

The will of Bradford has never been ordered to be executed by the court of probates; there was no need of setting it aside for any purpose. The party might well wait till the court was moved to order it to be executed.

The case might well begin in the district court. It is the case of an heir who claims the possession of an estate, from a person whom he alleges to be an intruder. The heir, being chargeable with the payment of all the debts of the ancestor, even for the half for which the wife is liable if she do not renounce the community, has a right to demand the whole estate from her, and she has only a right to one half of the acquests and gains.

II. The will offered in evidence may be good and valid, but it cannot have any effect till the court of probates order its execution.

III. While it has no effect, it cannot have that of enabling any one to prescribe under it. Whether when ordered to be executed, it will or not be by relation to the time of the testator's death, or the time of possession taken, and thus

East'n. District.
*March* 1825.

BRADFORD'S
CURATOR
*vs.*
BEAUCHAMP.

support prescription *ab initio* will be consider-
ed, when the execution of it shall have been
ordered.

It is therefore ordered, adjudged and de-
creed, that the judgment of the district court be
annulled, avoided and reversed, and the case
remanded for trial, with direction to the dis-
trict judge not to admit the will in evidence,
as long as it is not ordered to be executed by
the judge of probates, and that the defendant
and appellee pay costs in this court.

*Preston* for the plaintiff, *Watts* and *Lobdell* for
the defendant.